UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS PEREZ GONZALEZ,<br>　　　　Plaintiff<br>　　v.<br>NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,<br>　　　　Defendant. | Case No. 5:17-cv-00115-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.　PROCEDURAL HISTORY

Plaintiff Jesus Perez Gonzalez ("Plaintiff") filed a complaint seeking review of the decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 12 and 13] and briefs addressing disputed issues in the case [Dkt. 23 ("Pltf.'s Br.") and Dkt. 24 ("Def. Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded for further proceedings.

---

[1] Nancy A. Berryhill, the Acting Commissioner of the Social Security Administration, is substituted as the defendant in this action pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

In March 2013, Plaintiff filed an application for DIB, alleging disability as of January 31, 2010. [Dkt. 16, Administrative Record ("AR") 19, 172-79.] Plaintiff's application was denied at the initial level of review and on reconsideration. [AR 19, 84-87, 91-95.] Hearings were held before Administrative Law Judge Joseph D. Schloss ("the ALJ") on April 21, 2015 and September 21, 2015. [AR 34-58.] On September 25, 2015, the ALJ issued an unfavorable decision. [AR 19-29.]

The ALJ applied the five-step sequential evaluation process to find Plaintiff not disabled. *See* 20 C.F.R. § 404.1520(b)-(g)(1). At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since his alleged onset date of January 31, 2010, through his date last insured of December 31, 2013. [AR 21.] At step two, the ALJ found that Plaintiff suffered from the severe impairments of diabetes mellitus, osteoarthritis, hypertension, obesity, and gout. [*Id.*] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix I of the Regulations, ("the Listings"). [AR 23]; *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1. Next, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform medium work (20 C.F.R. § 404.1567(c)), with the following limitations:

> [H]e can lift and carry 50 pounds occasionally and 25 pounds frequently; . . . stand and walk for six hours in an eight hour workday; . . . sit for six hours in an eight hour workday; . . . push and pull within the aforementioned lift/carry weight restrictions; . . . frequently climb ramps, stairs, ladders, ropes, and scaffolds; . . . [and] frequently balance, stoop, kneel, crouch, and crawl; [but] he must avoid concentrated exposure to machinery and heights.

[AR 23.] At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. [AR 27-28.] At step five, the ALJ determined that Plaintiff could

perform jobs existing in significant numbers in the national economy, including representative occupations such as hospital cleaner, food-service worker, and laundry laborer, based on Plaintiff's RFC, age (56 years on date last insured), limited education, and work experience. [AR 28-29.]

The Appeals Council denied review of the ALJ's decision on November 30, 2016. [AR 4-10.] This action followed.

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV. DISCUSSION

Plaintiff contends the ALJ erred by improperly rejecting the opinion of an examining psychiatrist, Dr. Nenita Belen, and finding that Plaintiff's mental impairment was not a severe impairment. [Pltf.'s Br. at 4-7.]

At step two of the sequential analysis, the claimant bears the burden to show the existence of medically determinable impairments that have more than a minimal effect on the ability to perform work-related activities. 20 C.F.R. § 404.1520(a)(4)(ii); *see also Smolen v. Chater,* 80 F.3d 1273, 1289-90 (9th Cir. 1996). An impairment or combination of impairments may be found "'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen*, 80 F.3d at 1290 (quoting Social Security Ruling ("SSR") 85-28); *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).

3

In general, a treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons supported by substantial evidence to reject the uncontradicted opinion of a treating or examining physician and specific and legitimate reasons supported by substantial evidence to reject the contradicted opinion of a treating or examining physician. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester*, 81 F.3d at 830-31).

Dr. Belen performed a complete psychiatric evaluation of Plaintiff in June 2013. [AR 248-52.] She diagnosed Plaintiff with mood disorder, secondary to medical problems and assessed a Global Assessment of Functioning score of 60. [AR 250-51.] In regards to functioning, Dr. Belen found that Plaintiff would have "moderate" limitations in the following areas: maintaining social concentration, persistence and pace; performing simple and repetitive tasks; performing detailed and complex tasks; and performing work activities on a consistent basis without special or additional supervision. [AR 251.] Dr. Belen also found that Plaintiff would have moderate limitations completing a normal workday or work week, but noted that the limitation may be related to a physical condition. [AR 251.] Dr. Belen stated that her findings were based on the objective findings presented during the evaluation. [AR 251.]

Dr. Belen's report and treatment records were subsequently reviewed by two non-examining State agency medical consultants, Drs. Balson and Barrons. [AR 63-65, 67, 72-78, 80.] Both doctors found Plaintiff's mental impairment not severe and considered Dr. Belen's opinion too restrictive, noting that Plaintiff had not had mental health treatment and his mental status examination was not significantly abnormal. [AR 65, 78.] The ALJ gave "great weight" to the opinions of these non-examining physicians. [AR 22.]

4

The ALJ provided three reasons for rejecting Dr. Belen's opinion: (1) it was "based on a one-time examination of [Plaintiff] rather than a longitudinal history of treatment," (2) the "highly restrictive functional limitations were not consistent with her own findings from examining [Plaintiff], as that examination showed some evidence of depression and irritability, but no evidence of any diminished functioning and memory, attention, or concentration," and (3) as Plaintiff "did not receive any treatment from a mental health specialist during the relevant adjudication period, there was no other medical evidence of record that supported the highly restrictive functional limitations she assessed." [AR 22-23.] Substantial evidence does not support the ALJ's decision.

First, the ALJ's finding that Dr. Belen's opinion was based on a "one-time examination rather than a longitudinal history of treatment," is not a specific and legitimate reason for rejecting her opinion. By definition, an examining physician often will have based his or her conclusions on a single examination. *See*, *e.g.*, *Hartje v. Astrue*, 2010 WL 3220615, at *13 (W.D. Wash. Aug.13, 2010) ("[T]he fact that a medical source has based his or her opinion on a one-time examination is not a valid basis for rejecting that opinion, given that the opinions of examining medical sources in general tend to be based on only one examination, and that the Commissioner himself often has based his determinations of non-disability on such one-time examinations."); *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004) (noting that the opinions of physicians who examined the plaintiff only once are given less weight than the physicians who treated her). Further, the ALJ assigned "great weight" to the opinions of Drs. Balson and Barrons, non-examining sources. *See*, *e.g.*, *Belman v. Colvin*, 2014 WL 5781132, at *6 (C.D. Cal. Nov. 6, 2014) (finding pretense where the ALJ assigned little weight to examining physician opinion based on one examination, but assigned great weight to two physicians who did not examine plaintiff at all). That Dr. Belen examined Plaintiff on only one occasion, without more, is not a sufficient basis for discounting her opinion.

5

Second, the ALJ's finding that Dr. Belen's observations on examination were inconsistent with her assessment of Plaintiff's diminished functioning is not supported by the record. [AR 22.] Regarding Plaintiff's current level of functioning, Dr. Belen noted Plaintiff was unable to go places by himself and has no hobbies or pastimes. [AR 250.] In the mental status examination portion of the evaluation, Dr. Belen observed that Plaintiff's mood was depressed and irritable and his affect was constricted. [AR 250.] Dr. Belen also noted that Plaintiff had been taking medication (lorazepam) for many years to treat anxiety and that Plaintiff tended to worry about his future. [AR 249, 251.] While Plaintiff did not demonstrate deficits in memory, attention or concentration on examination, the ALJ's selective reliance on these findings is not a sufficient basis for undermining Dr. Belen's opinion. *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001) (an ALJ may not properly reject a medical opinion based on a selective reliance of the relevant treatment evidence).

Third, Plaintiff's failure to seek treatment from a mental health specialist before his date last insured, December 31, 2013, was not a valid reason to reject Dr. Belen's opinion. The Ninth Circuit has "criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299-1300 (9th Cir. 1999) (internal quotation marks and citations omitted). Plaintiff also explained that he had not sought additional treatment for his other conditions because he did not have medical insurance and did not qualify for financial assistance from the county or the state. [AR 52-53.] Thus, Plaintiff should not be faulted for his inability to afford specialized mental health treatment. *See Regennitter*, 166 F.3d at 1300. Moreover, the record shows that Plaintiff did receive mental health treatment during the relevant period. Plaintiff's treating physician, Dr. Thomas Oliveira, prescribed

6

medication to treat Plaintiff's generalized anxiety disorder since 2010. [AR 229, 232-34, 265-66, 440, 452.] Dr. Oliveira also diagnosed Plaintiff with agoraphobia and noted Plaintiff's complaints of anxiety attacks. [AR 266, 440.] Although Dr. Oliveira is not a mental health specialist, it was improper for the ALJ to disregard the mental health treatment provided to Plaintiff. *Lester*, 81 F.3d at 833 (9th Cir. 1995) (finding that treating physician's opinion regarding a claimant's mental health constituted "competent psychiatric evidence").

Finally, although the ALJ gave "great weight" to the assessments of Drs. Balson and Barrons, the opinions of non-examining State agency medical consultants, standing alone, do not constitute substantial evidence to overcome Dr. Belen's opinion as an examining physician. *See Lester*, 81 F.3d at 832 ("In the absence of record evidence to support it, the nonexamining medical advisor's testimony does not by itself constitute substantial evidence that warrants a rejection of . . . the examining [physician's] opinion."); *Erickson v. Shalala*, 9 F.3d 813, 818 n. 7 (9th Cir.1993) (same).

Accordingly, the ALJ erred by rejecting Dr. Belen's opinion regarding Plaintiff's mental impairment without providing specific and legitimate reasons doing so and the ALJ's determination at step two of the sequential analysis is not supported by substantial evidence.

## V. CONCLUSION

Remand for further proceedings and reevaluation of Plaintiff's mental impairment is proper, as questions regarding the extent to which Plaintiff's symptoms limit Plaintiff's ability to work remain unresolved.

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS ORDERED.**

DATED: March 21, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE